Wilson E. **HODGE** and Peggy J. Hodge, etc., Plaintiffs,

v.

**VILLAGES OF HOMESTEAD HOME-OWNERS ASSOCIATION, INCORPO-RATED, etc., et al., Defendants.**

**No. 89–1153–CIV.**

United States District Court, S.D. Florida.

Dec. 8, 1989.

Wilson Hodge, Homestead, Fla., pro se.

H. Jack Klingensmith, Miami, Fla., for defendants.

## MEMORANDUM ORDER

SCOTT, District Judge.

This cause presents yet another issue arising from the "Pandora's box of condominium antitrust litigation." *Chatham Condominium Associations v. Century Village, Inc.,* 597 F.2d 1002 (5th Cir.1979). Plaintiff, Wilson E. Hodge, has filed a class action suit against Defendants, Villages of Homestead Homeowners Association, Inc., et al., ("Villages of Homestead"), alleging that requiring condominium purchasers to pay membership fees in the association for maintenance of common areas constitutes an illegal tying arrangement in violation of the Clayton Act, 15 U.S.C. § 14 and the Sherman Act, 15 U.S.C. § 1.

Defendants have moved to dismiss the Second Amended Complaint, or, alternatively, for summary judgment. Plaintiff opposes the motion to dismiss, and as to summary judgment, suggests that further factual development is necessary before reaching the merits.

### I. CLAYTON ACT

Defendants argue that Count II of the Second Amended Complaint (section 3 of the Clayton Act) must fail as a matter of law. Section 3 of the Clayton Act prohibits tying arrangements in the sale or lease of "goods, wares, merchandise, machinery, supplies or other commodities." 15 U.S.C. § 14. Both the tied and tying products must fit within this definition to state a Clayton Act claim.

Plaintiff has alleged that Defendants have tied the sale of condominiums to a maintenance or service contract. However, the Clayton Act does not extend to land or service contracts. *Chelson v. Oregonian*

*Publishing Co.,* 715 F.2d 1368, 1372 (9th Cir.1983); *Crossland v. Canteen Corp.,* 711 F.2d 714, 718 n. 1 (5th Cir.1983). Accordingly, Plaintiff's Clayton Act claim must be dismissed.

■ To escape dismissal, Plaintiff alleges for the first time in his responsive memorandum that it is possible that Defendants purchase goods or commodities with the membership fees. Plaintiff's recent speculation does not alter our analysis, however. The "incidental" purchase of goods cannot bring an essentially service-oriented contract within the parameters of the Clayton Act. *Satellite Television v. Continental Cablevision,* 714 F.2d 351, 358 (4th Cir. 1983); *Hudson Valley Asbestos Corp. v. Tougher H. & P. Co.,* 510 F.2d 1140, 1145 (2d Cir.1975). We see no basis to provide any further leave to amend. Accordingly, Count II (Clayton Act) is hereby DISMISSED with prejudice.

## II. SHERMAN ACT

■ Plaintiff has framed Count I of the Second Amended Complaint under the Sherman Act. The elements of an illegal tying arrangement under the Sherman Act are as follows:

1.  that there are two separate products, a "tying" product and a "tied" product;

2.  that the seller forced the buyer to purchase the tied product;

3.  that the seller has sufficient market power in the tying product market to force the buyer to accept the tied product; and

4.  that a "not insubstantial" amount of interstate commerce in the market of the tied product is involved.

*Amey, Inc. v. Gulf Abstract & Title, Inc.,* 758 F.2d 1486 (11th Cir.1985).

Plaintiff has sufficiently alleged the latter three elements of this test and further contends that summary judgment as to these elements would be premature at this juncture. We agree. Defendants argue, however, that the Sherman Act claim must fail because Plaintiff has not adequately alleged and could not allege two separate products, a "tying" product and a "tied" product.

Thus, the Court must determine whether the sale of condominium units is separate from membership in the condominium association and payment of membership fees for maintenance of common areas. The Fifth Circuit has provided the following analysis of this argument as the first issue raised on appeal:

> The first argument interests us. At one end of the spectrum, we feel certain that the requirement that purchasers of condominiums also buy an undivided interest in certain common areas does not involve two separate products. At the other end of the spectrum, however, it would clearly be improper to require condominium purchasers to patronize, for example, a local shopping center owned by the condominium developer; in this hypothetical situation, two separate products are clearly involved. Somewhere in between these two extremes the line between which products constitute part of the condominium "leisure living" package and which products are separate must be drawn.

*Chatham Condominium,* 597 F.2d at 1013 (ninety-nine year recreational facilities lease tied to condominium sales). The court concluded that "with discovery only partially underway, the facts are not sufficiently developed to permit a determination as to whether two separate products are involved in the present case. That determination can only be made on the basis of a fully developed record." *Id.*

The Seventh Circuit, while approaching the issue from a different angle, has similarly held that summary judgment would be premature on the question of separate products in the condominium context. In *Johnson v. Nationwide Industries, Inc.,* 715 F.2d 1233 (7th Cir.1983), the court held that "only one product is involved in the sale of condominium unit subject to a management contract of *reasonable duration.*" The court upheld the district court's denial of summary judgment on this basis so that discovery on the issue of reasonable duration could proceed.

In this case, the requirement of association membership runs "for an initial term of 30 years after which the covenants are automatically extended for successive periods of 10 years, unless the Master Declaration is amended to the contrary." Master Declaration, Art. VII, § 1. Amending the Declaration requires a vote by 75% of the owners, and may be subject to Developer approval (where the Developer's rights are "adversely affected"). Thus, a fact issue as to reasonable duration may exist.

Accordingly, the Motion to Dismiss Count I (Sherman Act) is DENIED. The Motion for Summary Judgment on Count I is DENIED without prejudice, as the record is incomplete. The parties shall have ninety (90) days to conduct discovery on the question of whether separate products exist. The parties may inquire into other substantive areas in discovery only to the extent necessary to prevent subsequent duplication.

At the end of ninety (90) days, Defendants may renew their motion for summary judgment, and briefing shall occur within the applicable time-frame. With the benefit of a complete factual record, the Court should then be able to determine the scope and applicability of *Chatham Condominium* and *Nationwide Industries*[1] to the separate products issue.

DONE and ORDERED.

---

1. *Chatham Condominium* is binding on this Court. However, at this juncture, we are not entirely persuaded by the Seventh Circuit's analysis of the issue in *Nationwide Industries*. Further factual development should assist the Court in framing the appropriate analysis.